# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Barbara Loomis, individually and on behalf of other similarly situated employees, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| | **(COLLECTIVE ACTION)** |
| v. | **(DEMAND FOR JURY TRIAL)** |
| CUSA LLC d/b/a Coach America, CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle, and DOES 1-10, | |
| Defendants. | |

For her Complaint against Defendants CUSA LLC d/b/a Coach America, CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle, Plaintiff Barbara Loomis, individually and on behalf of all those similarly situated, by and through her counsel, states and alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2. Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendants do business in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff Barbara Loomis is a resident of Wisconsin and worked as a driver for Defendants out of her home during the applicable statutory period. Plaintiff's job duties regularly required her to operate Defendants' vehicles, in furtherance of Defendants' business, in the state of Minnesota and other states.

4. Defendant CUSA LLC d/b/a Coach America is a foreign corporation with a principal place of business in Dallas, Texas. CUSA LLC is authorized to do business in Minnesota.

5. Defendant CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle is a foreign corporation with a principal place of business in North Dakota. CUSA ES, LLC is authorized to do business in Minnesota.

6. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will move to amend this complaint accordingly. Plaintiffs are informed and believe that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

7. Defendants provide personnel transportation services for the railroad industry and do business within the state of Minnesota and in numerous other states around the country. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Plaintiff and the similarly situated employees are individuals currently or formerly employed by Defendants as drivers who transport railroad workers within and between railroad yards and other locations.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings her claim as a collective action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as opt-in Plaintiffs.

10. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

11. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

12. During the statutory period, as Defendants' drivers, Plaintiff and the similarly situated employees routinely worked in excess of forty (40) hours per week without overtime compensation.

13. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff and the similarly situated employees suffered a loss of wages.

14. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to

determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

15. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## DEMAND FOR JURY TRIAL

16. Plaintiff hereby requests a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all drivers who are currently employed or who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime compensation for all hours worked over forty in any week during the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

3. Judgment against Defendants that their violations of the FLSA were willful;

4. An equal amount to the overtime damages as liquidated damages;

5. To the extent liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorneys' fees incurred in prosecuting these claims;

7. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to name additional Defendants responsible in some manner for the occurrences and damages herein alleged should their identities become known during the course of this action;

    9.       Leave to amend to add claims under applicable state laws; and

    10.      For such further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 7th day of January, 2009.

    s/ Charles G. Frohman
NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Charles G. Frohman, MN Bar No. 0386695
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: frohman@nka.com

ATTORNEYS FOR PLAINTIFFS