## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BARBARA LOOMIS, individually, and on behalf of all other similarly situated employees, | Court File No. 09-cv-00026-RHK/AJB |
| Plaintiffs, | |
| vs. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CUSA ES, LLC** |
| CUSA LLC d/b/a Coach America, CUSA ES, LLC d/b/a Coach America Crew Transport, and d/b/a Express Shuttle, and DOES 1-10, | |
| Defendants. | |

Defendant CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle ("Defendant"), by its attorneys, submits the following Answer and Affirmative Defenses to the Complaint of Plaintiff Barbara Loomis.  Defendant denies each and every matter alleged in the Complaint, except as expressly set forth herein:

### JURISDICTION

1.     Defendant admits that this Court has jurisdiction over this matter, but denies that Plaintiff has a viable cause of action under the FLSA.

2.     Defendant admits only that CUSA ES, LLC, conducts business within this judicial district, but denies each and every remaining allegation in paragraph 2 of the Complaint.

## PARTIES

3.      Defendant admits that Plaintiff was an employee of CUSA ES, LLC, and

that CUSA ES, LLC, required her to operate CUSA, ES, LLC vehicles both in the state of

Minnesota and other states.  Except as expressly admitted herein, Defendant denies each

and every remaining allegation in paragraph 3 of the Complaint.

4.      Defendant admits that CUSA LLC's principal place of business is in

Dallas, Texas, but denies the remaining allegations in paragraph 4 of the Complaint.

5.      Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant is without knowledge or information sufficient to form a belief

as to the truth of the matters alleged in paragraph 6 of the Complaint and therefore denies

same.

7.      Defendant admits that CUSA ES, LLC, provides personnel transportation

services for the railroad industry within the state of Minnesota and other states.  Except as

expressly admitted herein, Defendant denies each and every remaining allegation in

paragraph 7 of the Complaint.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Defendant admits that Plaintiff purports to bring this action on her own

behalf and on behalf of other similarly situated employees pursuant to 29 U.S.C. §

216(c); denies that this action is appropriate for treatment as a collective action or that it

should be maintained on behalf of any persons other than Plaintiff; and denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 states a legal conclusion to which no response is required, however, to the extent a further response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Paragraph 11 states a legal conclusion to which no response is required, however, to the extent a further response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions or exceptions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, including those the Motor Carrier, Taxicab, and the Rail Carrier exemptions, contained in Section 13(a) and/or (b) of the FLSA.  This defense may also

apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

3.     The Complaint fails to state a cognizable class under any applicable rule or law governing the maintenance of collective actions.

4.     The potential members of class the Plaintiff purports to represent cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

5.     Plaintiff, and the potential members of the class Plaintiff purports to represent, were paid for all of the time they actually worked in accordance with the FLSA.

6.     Plaintiff's claims fail to state a claim upon which relief may be granted as to CUSA, LLC, because that defendant was not her "employer" within the meaning of the FLSA.

7.     The Court lacks personal jurisdiction over CUSA, LLC.

8.     To the extent the Court finds that Defendant took any actions or omissions with respect to Plaintiffs, such acts or omissions concerning or affecting Plaintiff and the putative class Plaintiff purports to represent were undertaken in good faith, on reasonable grounds, and were justified, proper, and lawful.

9.     No act or omission of Defendant concerning or affecting Plaintiff and/or the putative class Plaintiff purports to represent was willful, knowing, or in reckless disregard for the provisions of the FLSA or any other state or federal law.

10.     Plaintiff has not properly defined the putative class she purports to represent and thus she is not entitled to conditional class certification.

11.     Plaintiff's purported claims and the claims she seeks to assert on behalf of others are barred in whole or in part by the doctrine of preemption.

12.     Plaintiff's purported claims are barred in whole or in part by her lack of standing.  This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

13.     Plaintiff's purported claims and the claims she seeks to assert on behalf of others are barred in whole or in part by the doctrines of estoppel, laches, waiver, release, accord and satisfaction, and/or unclean hands.

14.     Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to mitigate her alleged damages.  This defense may also apply to the purported claims of some or all of the potential members of the putative class Plaintiff purports to represent.

15.     Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff on her own behalf or on behalf of others for liquidated damages.

16.     Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or

written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

17.    Plaintiff's purported claims and the claims they seek to assert on behalf of others are barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other state or federal law.

18.    Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without knowledge, authorization, or ratification by Defendant.

19.    Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities, or otherwise deemed to be non-compensable by the Act.

20.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or any other applicable limitations period, such claims are barred.

21.    To the extent that discovery reveals that Plaintiff failed to follow applicable policies for reporting their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiff.  This defense may also apply to the purported claims

of some or all of the potential members of the putative class that Plaintiff purports to represent.

22.     Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to plead other and additional defenses which may be necessary and proper to the full defense of this litigation.

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

1.     Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2.     Denying Plaintiff's demands and prayer for relief;

3.     Awarding Defendant its reasonable attorney's fees, costs, and disbursements, as appropriate; and

4.     Directing such other relief as the Court deems just and equitable.

Date: February 9, 2009

/s Andrew J. Voss

Andrew J. Voss (#0241556)
avoss@littler.com
Noah G. Lipschultz (#0387308)
nlipschultz@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
Facsimile:  612.630.9626

**ATTORNEYS FOR DEFENDANT
CUSA ES, LLC**

Firmwide:88371610.1 046923.1044