UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Barbara Loomis, individually and on behalf of other similarly situated employees,<br><br>      Plaintiff,<br><br>v.<br><br>CUSA LLC, et. al.,<br><br>      Defendants. | Civil No. 09-26 RHK/AJB |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR CONDITIONAL CLASS CERTIFICATION AND
COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. 216(b)**

## INTRODUCTION

Plaintiff seeks conditional certification of a collective action for purposes of providing notice to putative class members under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b). Plaintiff, on behalf of similarly situated employees, alleges Defendants have uniformly misclassified Plaintiff and those similarly situated as exempt from the overtime requirements of the FLSA and seeks unpaid overtime pay for all hours worked over forty per workweek within the applicable statutory period. Plaintiff has made substantial allegations that (1) a class of Defendants' current and former employees hold or have held similar positions to Plaintiff, and (2) Defendants have engaged in a pattern or practice of not paying overtime to Plaintiff and the putative class.

Accordingly, Plaintiff's motion for conditional certification is proper and should be granted.

Plaintiff asserts she has been misclassified ever since the passage of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users ("SAFETEA-LU"), PL 109-59, on August 10, 2005. The passage of SAFETEA-LU rendered the application of the "Motor Carrier" overtime exemption, 29 U.S.C. § 213(b)(1), inapplicable to Plaintiff and similarly situated employees who operated vans that seat nine or fewer people. Defendants have asserted additional exemptions to the FLSA as affirmative defenses, including the rail carrier and taxicab exemptions (29 U.S.C. § 213(b)(2) and (b)(17), respectively); however, Plaintiff will demonstrate that any other relevant exemptions have been rejected in similar cases or are otherwise applicable. Plaintiff requests that the Court authorize judicial notice of this action to be sent to a class consisting of all road drivers employed by Defendants from January 7, 2006 to the present. To facilitate notice, Plaintiff further requests that the Court order Defendants to produce a list of the name and last-known contact information for each putative class member.

## STATEMENT OF FACTS

**I.    THE PARTIES.**

Defendant CUSA, LLC does business as Coach America, and its principal place of business is Dallas, Texas. (Answer of Defendant CUSA, LLC, Dkt. 19 at 2 ¶ 4.) Defendant CUSA ES, LLC is a foreign corporation that does business as Coach America Crew Transport and as Express Shuttle. (Answer of Defendant CUSA ES, LLC, Dkt. 10

at 2 ¶ 6.) Defendants provide crew transportation services for the railroad industry. (Ex. 1 ¶¶ 3.[1]) Defendants employ "road drivers" or "over-the-road" drivers, who transport railroad workers by van between railroad yards and other locations. (Id.)

On January 7, 2009, Plaintiff Barbara Loomis filed this FLSA collective action against Defendants. (Dkt. #1.) Plaintiff worked for Defendants as a road driver, providing "longhaul" transportation for railroad crews. (Ex. 1, Loomis Decl. ¶ 3; Dkt. 19 at 2, ¶¶ 3.) At the time the instant motion was filed, fifty-six individuals had joined the action as opt-in Plaintiffs by filing written consents with the Court.[2] (Frohman Aff. ¶ 2.) These individuals work(ed) as road drivers for Defendants or performed similar job duties for Defendants in Illinois, Iowa, Kentucky, Minnesota, South Dakota, Texas, Wisconsin, and Wyoming. (Id.) Plaintiff has also filed twenty-nine declarations from the opt-in Plaintiffs in support of this motion. (Ex. 1.)

## II. PLAINTIFF AND THE PUTATIVE CLASS MEMBERS SHARE THE SAME JOB DUTIES, AND ALL WERE PAID IN THE SAME MANNER.

As road drivers, the primary job duty of Plaintiff and the putative class members is to transport railroad crews between and among railroad yards, points along the railway and lodging. (Ex. 1, ¶¶ 3.) Plaintiff and the opt-ins transported crews using passenger vans that seated no more than eight passengers. (Id. ¶¶ 4.) Plaintiff and the putative opt-

---

[1] Exhibit 1, attached to the affidavit of Charles G. Frohman, contains declarations from twenty-nine Plaintiffs who have opted-in to this action by filing consent forms with the court.

[2] We have learned that seven individuals who have filed consents to join the case may be ineligible to join the lawsuit, based on the positions they held with Defendants, and we are seeking their withdrawal. We previously withdrew the consents of two such individuals.

ins work on an on-call basis and are notified of their trips through a centralized dispatch office.  (Id., Anderson (Linda), Anderson (David), Barron, Birch, Brown, Henry, Keyes, Lang, Lopez, Maki, Mills, Muhumed, Sawyer, Schlicting, Severson, Wold, and Zblewski decls. ¶¶ 5.)

As road drivers, Plaintiff and the putative class members are subject to the same procedures and policies.  For example, Defendants' "Standard Operating Procedures" manual, dated February, 2009,  states:

> This Standard Operating Procedure is ours.  It has been made up of the drivers, and supporting departments over the last 7 years, and it is the common sense, real time instructions of how we do our job.
> . . . .
> Unless the driver has checked with the supervisor, or the regional manager, they will follow these guidelines at all times – thus creating a baseline that we can all work together within.

(Exhibit 3.)  Defendants' "Log Books and Hours of Service" manual, dated March 2009, states:

> Coach America, as a federally recognized Motor Carrier, is dedicated to the safest practices we can subscribe to in order to prevent accident or injury in the performance of our duties to our customer.  It is in this commitment that we comply with and enforce the appropriate regulations, (49 CFR and others).  These are Company Policies and a mandatory requirement of every driver employed by Coach America.

 (Exhibit 4 at 1.)

Plaintiff and the putative class members are not paid by the number of hours worked, instead they are paid a per-mile rate and an hourly rate for waiting time.  (Ex. 1 ¶¶ 6.)  This is commonly known as a "piece rate."  See e.g., 29 C.F.R. § 778.111. Defendants do not pay road drivers an overtime rate for their hours worked over forty in a

workweek.  (Ex. 1 ¶¶ 7-8.)  Plaintiff and the putative class members routinely worked more than forty hours per week.  (Id. ¶¶ 7.)  Defendants justify their failure to pay Plaintiff and all other road drivers overtime compensation by classifying them as exempt under the FLSA.  (Dkt. 10 at 3, ¶ 2; Dkt. 19 at 3 ¶ 2.)

## LEGAL ARGUMENT

**I.     CONDITIONAL CLASS CERTIFICATION IS PROPER BECAUSE PLAINTIFF IS "SIMILARLY SITUATED" TO THE PUTATIVE CLASS MEMBERS.**

The FLSA provides that an action for unpaid overtime may be maintained against any employer in Federal court "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Unlike class actions under Rule 23, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Id.

The United States Supreme Court has decided that to serve the "broad remedial goal" of the FLSA, and in light of the "wisdom and necessity for early judicial intervention," courts have the discretion to manage the notice process of a collective action under § 216(b) and provide prospective class members an opportunity to join.  Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171-173 (1989).  The Court reasoned that a collective action lowers individual costs through the pooling of resources, while the judicial system benefits by efficient resolution of multiple claims arising from the same alleged illegal activity.  Id. at 170.  Critically, judicial notice also informs similarly situated employees of the lawsuit so that they may preserve their claims against

the statute of limitations.  Kalish v. High Tech Inst., Inc., No. Civ. 04-1440, 2005 WL 1073645, at *3 n.1 (D. Minn. Apr. 22, 2005)[3] (the statute of limitations runs on each employee's claim until his individual opt-in form is filed with the court) (citing Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996).  These benefits depend on "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche, 493 U.S. at 170-71.

Conditional Certification and Judicial Notice are proper in the instant case because Plaintiff satisfies the lenient standard for demonstrating that she is similarly situated to a class of Defendants' current and former employees.

### A.     The Minnesota District Court Applies the Two-Stage Certification Process.

Courts conditionally certify classes when plaintiffs properly demonstrate the existence of a definable class of "similarly situated" employees.  Hoffmann-La Roche, Inc., 493 U.S. at 170.  However, neither the FLSA nor its accompanying regulations define "similarly situated," and the circuit courts provide little guidance.  Kalish, 2005 WL 1073645, at *1 (citing Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)).  This Court, like most others, has adopted an ad hoc two-step approach to certification.  See, e.g., Burch v. Qwest Commc'ns Int'l, Inc., 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007) (applying first-step analysis); Kalish, 2005 WL 1073645, at *1-2

---

[3] All unpublished opinions are attached to the Affidavit of Charles Frohman as Exhibit 2.

(same); Frank v. Gold'n Plump Poultry, Inc., No. 041018JNERLE, 2005 WL 2240336, at *2-3 (D. Minn. Sept. 14, 2005) (same).

In the first stage, the "notice stage," courts determine whether a collective action should be conditionally certified solely for the purpose of sending judicial notice and conducting discovery. Burch, 500 F. Supp. 2d at 1186; Frank, 2005 WL 2240336, at *2; Kalish, 2005 WL 1073645, at *1. This first stage typically comes early in the litigation, before the parties complete discovery. See, e.g. Brennan v. Qwest Commc'ns Int'l, Inc., Civ. No. 07-2024 (ADM/JSM), 2008 WL 819773, at *3 (D. Minn. 2008) (finding the case to be in the first stage "[b]ecause the parties have not completed discovery"); Frank, 2005 WL 2240336, at *2 (allowing a first-stage analysis even though the parties had engaged in some discovery).

As this Court has recognized, with respect to the determination at the notice stage, "[b]ecause the court has minimal evidence before it, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Nerland v. Caribou Coffee Co., Inc., 564 F. Supp. 2d 1010, 1017 (D. Minn. 2007); see also Dominquez v. Minn. Beef Indus., Inc., Civ. No. 06-1002 (RHK/AJB), 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) (quoting Hipp v. Liberty Nat. Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). In rendering a decision at the notice stage, courts neither make factual findings nor credibility determinations with respect to evidence submitted by the parties. Burch, 500 F. Supp. 2d at 1186, citing Dege v. Hutchinson Tech., Inc., Civil No. 06-3754 (DWF/RLE), 2007 WL 586787, at *1 (D. Minn. Feb. 22, 2007); Dominquez, 2007 WL 2422837, at *3 (finding the defendant's

arguments on the merits inappropriate at the notice stage); see also Keef v. M.A. Mortenson Co., No. 07-CV-3915 (JMR/FLN), 2008 WL 3166302, at *1 (D. Minn. Aug. 4, 2008) (referring to the second stage of the certification process as the "merits stage" (citing Mooney v. Aramco Servs., Inc., 54 F.3d 1207, 1213-14 (5th Cir. 1995))).

Under the lenient standard applied at the notice stage, "plaintiffs need only establish a colorable basis for their claim that putative class members were the victims of a single decision, policy, or plan." Burch, 500 F. Supp. 2d at 1186, quoting Dege, 2008 WL 586787, at *1; see also Kalish, 2005 WL 1073645, at *1–2 (explaining that the more lenient standard of the first step requires "nothing more than substantial allegations" (quoting Thiessen, 267 F.3d at 1103)). Where putative class members are employed in similar positions, this court has found sufficient the allegation that defendants engaged in a common pattern or practice of not providing overtime compensation. See Brennan, 2008 WL 819773, at *3 (granting conditional certification where individuals employed at various facilities throughout Minnesota alleged denial of overtime compensation under Defendant's production standards policy); Keef, 2008 WL 3166302, at *1 (granting conditional certification where the plaintiffs alleged Defendant misclassified field engineers as exempt from FLSA coverage "as a matter of policy and practice"). Courts usually rely "only on the pleadings and any affidavits which have been submitted" in deciding whether to grant or deny conditional certification. Dominquez, 2007 WL 2422837, at *2 (quoting Hipp, 252 F.3d at 1218); see also, e.g., Brennan, 2008 WL 819773, at *3 (relying on the plaintiffs' affidavits and allegations in granting conditional certification).

The second step of the certification process comes after discovery is largely complete, typically on a motion for decertification. <u>Frank</u>, 2005 WL 2240336, at *2 (citing <u>Kalish</u>, 2005 WL 1073645, at *1). At the second stage, courts revisit the certification issue to determine if the case should proceed to trial collectively, or if the class should be decertified. <u>Id.</u> At the second stage, a stricter standard applies. <u>Id.</u> As discussed in the following section, the stricter standard employed at the second stage of certification does not yet apply.

### B. Plaintiff Is Similarly Situated to the Putative Class Members.

The case at bar is in its early stages. Plaintiff has only recently served discovery requests, and no depositions have been taken. Accordingly, the first-stage analysis is appropriate for Plaintiff's motion. The named Plaintiff, together with the opt-in Plaintiffs, have demonstrated that they are, together with a group of similarly situated employees, "victims of a single decision, policy or plan" regarding the non-payment of overtime wages. <u>Burch</u>, 500 F. Supp. 2d at 1186 (quoting <u>Dege</u>, 2008 WL 586787, at * 1); <u>accord</u> <u>Kalish</u>, 2005 WL 1073645, at *1 (quoting <u>Thiessen</u>, 267 F.3d at 1102).

Plaintiff has submitted twenty-nine declarations in support of her motion for conditional certification, from individuals in five states who have sought join the action by filing consents with the Court. (See Ex. 1, which contains declarations from individuals in Illinois, Iowa, Minnesota, South Dakota, and Wisconsin.) These declarations illustrate that Plaintiff has met the lenient similarly situated standard.

First, all road drivers perform the same job duties in the same ways. Their main job duty is to pick up and drop off railroad crews from destinations along the railways.

9

Road drivers are notified of their trips by Defendants' centralized dispatch office.  As demonstrated by Defendant's "Standard Operating Procedures" and "Log Books and Hours of Service" manuals, road drivers are subject to uniform employment policies and procedures.  (See Exs. 3, 4.)

Second, all road drivers are paid a piece rate consisting of a per-mile rate and an hourly rate for waiting time.  Under Defendants' compensation system, no road driver's rate of pay is affected by the number of hours worked, and they were classified as "exempt" employees ineligible for overtime compensation.

Finally, Plaintiff and the putative class members worked in excess of forty hours per week within the statutory period without overtime compensation.  In light of the allegations in the pleadings and declarations in support of this motion, Plaintiff has made her modest factual showing that she is similarly situated to a nationwide class of Defendants' road drivers.

Given the minimal showing that Plaintiff must make at the notice stage, it is important to clarify what is not considered for purposes of conditional certification.  The following considerations are not proper until the stricter second stage, at the conclusion of discovery: "(1) the extent and consequence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." Frank, 2005 WL 2240336, at * 2 (citing Thiessen, 267 F.3d at 1102-03) (applying the more lenient standard where no substantial discovery had yet occurred); accord Brennan, 2008 WL 819773, at *3 (citing Burch, 500 F. Supp. 2d at 1186).  Thus, arguments

10

regarding the disparate employment settings among putative class members, such as geographic location and which managers they report(ed) to, are not pertinent at the notice stage.  Frank, 2005 WL 2240336 at *3 (declining to consider the varying facility locations, supervisors, and compensation punch methods among potential class members).  Similarly, alleged variations in the specific duties of the putative class members do not deter conditional certification.  Burch, 500 F. Supp. 2d at 1187-88.  Each of the foregoing considerations are premature at the notice stage and properly addressed in a motion for decertification, when the parties have completed discovery and the Court has the benefit of a full record.  To the extent Defendants advance such arguments in opposition to conditional certification, those arguments should be dismissed.

### III.   PLAINTIFF'S CASE IS APPROPRIATE FOR JUDICIAL NOTICE.

District courts have the authority and discretion to issue court-approved judicial notice.  Hoffman-La Roche, 493 U.S. at 165, 170.  District courts are encouraged to become involved in the notice process early to insure "timely, accurate, and informative" notice and to help maintain control of the litigation.  Id. at 171-72.  This is an appropriate case for court-approved notice.

#### A.   The Court Should Authorize Notice of this Action.

Prompt court action is needed because the claims of potential opt-in Plaintiffs are being continually diminished or extinguished by the statute of limitations.  Unlike Rule 23 class actions, the statute of limitations for those who have not filed consent forms is not tolled with the commencement of a collective action.  Hoffmann v.  Sbarro, 982 F. Supp. 249, 260 (S.D.N.Y. 1997); see Kalish, 2005 WL 1073645, at *3 n.1 (D. Minn. Apr.

22, 2005) (citing Grayson, 79 F.3d at 1106, for the same principle). Only filing a written consent form with the court will stop the statute of limitations from running on an individual's claim. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff . . . unless he gives his consent in writing . . . and such consent is filed in the court in which such action is brought"). Judicial notice will inform similarly situated employees of their rights and enable them to join this lawsuit, preserving their claims against further erosion. Moreover, it will enable individuals with prohibitively small claims to protect their rights.

Notice will also achieve the judicial economies recognized in Hoffman-La Roche, 493 U.S. at 170. Because identical issues of law and fact exist among Plaintiff and other road drivers, resolving their claims collectively will prevent a proliferation of individual lawsuits that could result in conflicting rulings. See id. at 172.

Finally, other road drivers employed by Defendants have clearly expressed their desire to take part in this action. To date, fifty-six individuals have opted-in to the case by filing a consent form with the Court. Twenty-nine of these individuals have filed declarations in support of the instant motion. Judicial notice will ensure that individuals who cannot be reached by word of mouth alone will have the opportunity to take part in this lawsuit.

### B.  Plaintiff's Proposed Notice Is Accurate and Informative.

Judicially authorized notice of a collective action under § 216(b) must be "timely, accurate, and informative." Hoffmann-La Roche, 493 U.S. at 172. Plaintiff's proposed judicial notice, attached as Exhibit 5, has been carefully drafted to mirror other judicial notice forms that have been approved by this court and others around the country. (See

Ex. 6, containing examples of notices approved in section 216(b) collective actions.) As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action and should be adopted.

### III. DISCOVERY OF NAMES AND ADDRESSES OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE.

Should the Court grant Plaintiff's motion for conditional certification, the Court should also order Defendants to provide Plaintiff a list of all putative class members and their last-known contact information. The identification of these individuals is necessary for Plaintiff to provide those individuals with notice of the action as contemplated by the FLSA. See Hoffmann-La Roche, 493 U.S. at 170 (affirming that the district court correctly permitted discovery of the names and addresses of the employees). This is precisely the reason why the production of a mailing list containing potential class members is routinely disclosed in FLSA collective actions.[4] Id. at 165; see Burch, 500 F. Supp. 2d at 1191 (ordering the defendants to produce, in electronic format, a list of putative class members' names, addresses, dates of employment, locations of employment, last four digits of social security numbers, and dates of birth).

Should the Court grant Plaintiff's motion, Plaintiff respectfully requests that the Court order Defendants to provide Plaintiff with a list of all putative class members,

---

[4] Moreover, the identity of putative class members is discoverable on other grounds. See Hoffmann-La Roche, 493 U.S. at 170 (acknowledging the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter"). Further, a court need not find potential class members similarly situated before ordering disclosure of the names and addresses of potential class members. Bailey v. Ameriquest Mortgage Co., No. CIV. 01-545(JRTFLN), 2002 WL 100388, *2 (D. Minn. Jan. 23, 2002) (citing Hoffmann-La Roche, 493 U.S. at 170).

including for each his/her name, last known address and telephone number, dates of employment, location of employment, employee number, and last four digits of his/her social security number.

## **CONCLUSION**

Plaintiff has demonstrated that she is similarly situated to a class of Defendants' current and former employees. Collectively, Plaintiff and the putative class members have adequately alleged that they were or are the victims of a single decision, policy or plan implemented by Defendants in which they were improperly denied overtime compensation. For these reasons, Plaintiff respectfully requests that the Court (1) conditionally certify this proceeding as a class action pursuant to 29 U.S.C. § 216(b); (2) authorize judicial notice to all putative class members in the form of notice attached hereto as Exhibit 5; and (3) order Defendants to produce to Plaintiff a list of the names and last-known contact information of all road drivers who worked for Defendant from January 7, 2006 to the present.

April 20, 2009                    Respectfully submitted,

/s/ Charles G. Frohman
NICHOLS KASTER, PLLP
Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Charles G. Frohman, MN Bar No. 0386695
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: frohman@nka.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for all parties.

NICHOLS KASTER, PLLP

/s/Charles G. Frohman
Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Charles G. Frohman, MN Bar No. 0386695
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: frohman@nka.com

ATTORNEYS FOR PLAINTIFF