# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Barbara Loomis, individually
and on behalf of other similarly
situated employees,

      Plaintiff,

                                    Civ. No. 09-26 (RHK/AJB)
                                    **MEMORANDUM OPINION
                                    AND ORDER**

v.

CUSA LLC, d/b/a Coach
America; CUSA ES, LLC, d/b/a/
Coach America Crew Transport
d/b/a Express Shuttle; Does 1-10,

      Defendants.

_____

Paul J. Lukas, Charles G. Frohman, Nicholas Kaster, PLLP, Minneapolis, Minnesota, for
Plaintiff.

Noah G. Lipschultz, Jeffrey A. Timmerman, Littler Mendelson, PC, Minneapolis,
Minnesota, for Defendants.

_____

## INTRODUCTION

      Plaintiff Barbara Loomis has sued the Defendants, CUSA LLC, CUSA ES, LLC,

and Does 1-10 (hereinafter referred to jointly as "CUSA"), alleging that it violated the

Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), when it

misclassified her (and those similarly situated) as exempt from the overtime requirements

of the FLSA.  Plaintiff now moves for an Order conditionally certifying this case as a

"collective action" under the FLSA.  For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

CUSA is in the business of providing "personnel transportation services for the railroad industry."  (Compl. ¶ 7.)  Plaintiff worked for CUSA as a "road driver," transporting "workers within and between railroad yards and other locations."  (Id. ¶¶ 1, 8; Loomis Decl. ¶ 3.)  In performing this job, Plaintiff operated a vehicle that seated no more than eight passengers.  (Loomis Decl. ¶ 4.)  Without receiving overtime compensation, Plaintiff contends that she and other similarly situated road drivers routinely worked in excess of 40 hours per workweek.  (Compl. ¶ 12.)

The FLSA requires employers to pay non-exempt employees at a rate not less than one and one-half times their regular pay rate for work performed in excess of 40 hours per workweek.  29 U.S.C. § 207.  However, this overtime requirement is not applicable to workers covered by the Motor Carriers Act exemption.  29 U.S.C. § 213(b)(1).  On August 10, 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users ("SAFETEA-LU") came into effect.  Plaintiff asserts that SAFETEA-LU altered the Motor Carriers Act so that employees driving vehicles seating eight or less passengers were no longer exempt from the FLSA overtime requirements.  Pub. L. No. 109-59, 119 Stat. 1144 (2005).  Accordingly, Plaintiff contends that since the passage of SAFETEA-LU, CUSA uniformly misclassified her and those similarly situated as exempt from the FLSA overtime requirements.

Plaintiff filed this FLSA collective action seeking to represent a proposed class of all current and former CUSA road drivers who (1) operated vehicles seating eight or less passengers, and (2) worked over 40 hours in a workweek within the statutory period without receiving overtime pay.  (Charles G. Frohman Decl. Ex. A.)  Fifty-six current and former CUSA employees have filed consent forms with the Court to opt-in to this lawsuit.  (Frohman Aff. ¶ 2.)  Twenty-nine of these opt-in plaintiffs have executed declarations describing their employment with CUSA.  (Id. Ex. 1.)

Plaintiff now seeks conditional certification of her collective action for the purpose of providing notice to putative class members.  CUSA does not oppose certification, but objects to the scope of the proposed class and to the discovery of certain information pertaining to potential class members.  Finding that Plaintiff has met the requirements for the conditional certification of the proposed class as defined, the Court will grant the Motion.

## DISCUSSION

Plaintiff proposes an FLSA class of all persons who:

(a) were employed by CUSA ES, LLC and/or CUSA LLC as a road driver in any of their locations across the country, at any time from [**THREE YEARS PRIOR TO DATE NOTICE ISSUES**] to the present; (b) drove a vehicle that seats no more than eight people, including the driver; and (c) worked more than forty (40) hours a week during the period from [**THREE YEARS PRIOR TO DATE NOTICE ISSUES**] to the present without overtime compensation.

(Frohman Decl. Ex. A.)  The FLSA provides that an action may be maintained "by any . . . employee[] for and in behalf of himself . . . and other employees similarly situated" to

-3-

recover damages for the failure to pay overtime.  29 U.S.C. § 216(b).  Such an action is

known as a "collective action."  E.g., Smith v. Heartland Auto. Servs., Inc., 404 F. Supp.

2d 1144, 1147 (D. Minn. 2005) (Kyle, J.).  An FLSA "collective action" differs from a

class action under Federal Rule of Civil Procedure 23.  In a class action, a potential

plaintiff's claim is automatically included in the case unless she expressly "opts out" of

the class.  By contrast, a potential plaintiff's claim will be included in a collective action

only if she expressly opts in to the action.  29 U.S.C. § 216(b) ("No employee shall be a

party plaintiff to any such action unless [she] gives [her] consent in writing to become

such a party and such consent is filed in the court in which such action is brought.").

Courts may facilitate the opt-in process by "authorizing the named Plaintiffs . . . to

transmit a notice [of the lawsuit] to potential class members."  West v. Border Foods,

Inc., Civ. No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (Frank, J.,

adopting Report and Recommendation of Erickson, M.J.).  The power to authorize notice,

however, "is to be exercised . . . only in 'appropriate cases,' and remains within the

discretion of the district court."  Id. (quoting Severtson v. Phillips Beverage Co., 137

F.R.D. 264, 266 (D. Minn. 1991) (Alsop, J.)).  For a district court to authorize such

notice, the named plaintiffs must first show that they are "similarly situated to the

employees whom [they] seek[] to represent."  Mares v. Caesars Entm't, Inc., No. 4:06-

cv-0060, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007); accord Heartland, 404 F.

Supp. 2d at 1149.  Yet, doing so is complicated by the fact that the FLSA nowhere

defines the term "similarly situated."  As a result, courts generally follow a two-stage

approach when deciding whether the named plaintiffs in an FLSA action are "similarly

situated" to other potential plaintiffs:

> The first determination is made at the so-called "notice stage."  At the
> notice stage, the district court makes a decision – usually based only on the
> pleadings and any affidavits which have been submitted – whether notice of
> the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made
> using a fairly lenient standard, and typically results in "conditional
> certification" of a representative class.  If the district court "conditionally
> certifies" the class, putative class members are given notice and the
> opportunity to "opt-in."  The action [then] proceeds as a [collective] action
> throughout discovery.
> The second determination is typically precipitated by a motion for
> "decertification" by the defendant[,] usually filed after discovery is largely
> complete and the matter is ready for trial.  At this stage, the court has much
> more information on which to base its decision, and makes a factual
> determination on the similarly situated question.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting

Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995) (abrogated on

other grounds)); accord West, 2006 WL 1892527, at *2-3; Heartland, 404 F. Supp. 2d at

1149-50.

Here, the Court is at the first stage of the two-stage process.  Plaintiff's burden at

this stage is not onerous.  E.g., Hipp, 252 F.3d at 1218; Harrison v. McDonald's Corp.,

411 F. Supp. 2d 862, 865 (S.D. Ohio 2005) (noting that, at first stage, "most courts agree

that the standard is fairly lenient"); Heartland, 404 F. Supp. 2d at 1149 (burden at first

stage is "not rigorous").  She need only establish a "colorable basis for [her] claim that

the putative class members were together the victims of a single decision, policy, or

plan." Frank v. Gold'n Plump Poultry, Inc., Civ. No. 04-1018, 2005 WL 2240336, at *2

(D. Minn. Sept. 14, 2005) (Ericksen, J.).  The Court "does not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties" at this initial stage.  Id. at *3 n.2.

The Court finds that Plaintiff and the proposed class members are "similarly situated" for several reasons.  First, all proposed class members have substantially similar job duties.  The 29 declarations from opt-in plaintiffs establish that all the declarants were employed as "road driver[s]" providing "longhaul (long-distance) transportation services to railroad companies" by traveling "outside the rail terminal on public highways to transfer railroad crews between and among railroad terminals, points along the railway, and lodging." (Frohman Aff. Ex. 1 ¶ 3.)  Second, all CUSA road drivers are subject to the same polices and procedures.  According to one manual, company policies are "a mandatory requirement of every driver" employed by CUSA.  (Id. Ex. 4.)  Third, the compensation of all 29 opt-in plaintiffs was calculated in the same manner.[1]  (Id. Ex. 1 ¶ 6.)  Finally, all proposed class members were classified by CUSA as exempt from the FLSA overtime requirements.[2]  (Id. ¶ 7.)

---

[1] Road driver compensation is calculated "using a per-mile rate and a waiting-time rate." (Frohman Aff. Ex. 1 ¶ 6.)  Written logs are kept for each trip indicating "start and end times, mileage, waiting time, and breaks."  (Id.)

[2] Several courts have found that when putative class members have similar job duties and are subject to the same policy denying overtime compensation, they are "similarly situated" for the purposes of the first stage of conditional class certification.  See Keef v. M.A. Mortenson Co., No. 07-CV-3915, 2008 WL 3166302, at *2 (D. Minn. Aug. 4, 2008) (Rosenbaum, J.); Brennan v. Qwest Commc'ns Int'l, Inc., Civ. No. 07-2024, 2008 WL 819773, at *4 (D. Minn. Mar. 25, 2008) (Montgomery, J.); Douglas v. GE Energy Reuter Stokes, No. 1:07CV077, 2007 WL 1341779, at *6 (N.D. Ohio Apr. 30, 2007).

CUSA does not deny that all its road drivers have substantially similar job duties, or that these employees are all subject to the same policies, procedures, and pay rates.  In fact, CUSA concedes that class certification is appropriate in this case.  (Resp. Mem. at 2.)  However, CUSA argues that the proposed class is overly broad because it includes: (1) employees who are not employed full-time; (2) employees who did not exclusively drive vehicles seating eight or less passengers; and (3) employees who could be called upon to drive vehicles seating nine or more passengers.  (Resp. Mem. at 7.)[3]  The Court does not agree.

First, the assertion that all part-time road drivers should be excluded from the proposed class can be dismissed out of hand.  Plaintiff is similarly situated to these drivers, despite the fact that she was a full-time employee, because such drivers had substantially similar job duties, were paid in the same fashion, were subject to the same policies and procedures, and were denied overtime compensation if they worked more than 40 hours in any given week.  These similarities are sufficient to include part-time road drivers in the putative class.

CUSA further argues that road drivers who did not *exclusively* drive vehicles seating eight or less passengers, or who could be called upon to drive vehicles seating nine or more passengers, should be excluded from the proposed class.  CUSA asserts that

_____

[3] CUSA also argues that the proposed class is overly broad because it includes CUSA drivers who did not work as "rail crew transportation over-the-road drivers."  (Resp. Mem. at 4-5, 7-8.)  Specifically, CUSA asserts that the class as defined could include yard drivers, paratransit drivers, taxicab drivers, and bus drivers.  (Id.)  In response, Plaintiff asserts that such employees are not included in the definition of "road driver."  (Reply Mem. at 2.)  Therefore, no true dispute exists regarding this issue.

the exempt status of these drivers was not altered by SAFETEA-LU, and therefore, determining on a week-by-week basis whether individual road drivers operated, or were subject to operating, vehicles seating nine or more passengers would require individualized inquiry.[4]

The Court will not address the merits of this argument at this early procedural posture. See Dominquez v. Minn. Beef Indus., Inc., Civ. No. 06-1002, 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) (Kyle, J.) (holding that arguments concerning "the individualized inquiries required and the merits of [Plaintiff's] claims are inappropriate" at the first certification stage and should be raised on a later decertification motion). During the first certification stage, the Court will not consider "the extent and consequence of disparate factual and employment settings of the individual plaintiffs" nor "the various defenses available to defendant which appear to be individual to each plaintiff." Frank, 2005 WL 2240336, at *2. Moreover, CUSA has put forth no evidence indicating that any significant number of road drivers operated vehicles seating nine or more passengers (or were subject to doing so).[5] Therefore, limiting the proposed class on

_____

[4] CUSA also argues that Plaintiff is not similarly situated to road drivers who drove vehicles seating nine or more passengers, or who were subject to being called upon to do so. However, this difference does not alter the Court's conclusion that Plaintiff and such drivers are similarly situated. Conditional certification requires that class members be "similarly situated," but it does not require their claims to be identical. Wren v. RGIS Inventory Specialists, No. C-06-05778, 2007 WL 4532218, at *5 (N.D. Cal. Dec. 19, 2007).

[5] CUSA notes that "[n]early twelve-percent of CUSA ES's current vehicle fleet is comprised of vehicles that seat more than eight people." (Schumacher Aff. ¶ 9.) However, the record does not establish what portion of this twelve percent comprises vehicles driven by persons not included in the proposed class, such as yard drivers, paratransit drivers, taxicab drivers, and bus drivers. Thus, it may be that the job duties of the vast majority of road drivers exclusively pertain to the

this basis is premature.  While the Motor Carriers Act exemption may present a barrier to
continued certification, this issue is more appropriately addressed on a motion to de-
certify.[6]

    Other courts have granted conditional class certification when presented with
objections similar to CUSA's.  In <u>Mowdy v. Beneto Bulk Transport</u>, the defendant
opposed the plaintiffs' conditional-class-certification motion at the first certification
stage, arguing that the Motor Carriers Act exemption would require "the court to closely
scrutinize the individual eligibility of putative class members who opt in to determine
whether for any reason they fall under an exemption to the FLSA."  No. C 06-05682,
2008 WL 901546, at *4 (N.D. Cal. Mar. 31, 2008).  The district court rejected the
defendant's arguments and conditionally certified the case as a collective action,
observing that "at [the] first stage of conditional certification, it is inappropriate for the
court to entertain an inquiry on the merits.  The fact that such an inquiry will be necessary
in the future does not constitute a sufficient ground to prevent putative class members
from receiving notice."  <u>Id.</u> at *6.   Similarly, the Court here will not consider CUSA's
merits-based arguments and will conditionally certify the class.

---

operation of vehicles seating eight or less passengers.  Discovery will assist in addressing this
issue.

[6] CUSA also asserts that the proposed class should be limited to employees of CUSA ES, LLC
because neither Plaintiff nor any of the opt-in plaintiffs were employed by CUSA LLC.  (Resp.
Mem. at 1 n.1, 2.)  However, without the aid of discovery, the Court cannot determine whether
CUSA LLC employs road drivers.  Therefore, limiting the class on this basis is premature.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that:

(a)     Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice (Doc. No. 32) is **GRANTED** and the class is defined as follows:

All over-the-road rail crew transportation drivers employed by CUSA ES, LLC and/or CUSA LLC at any of their locations across the country, at any time [three years prior to the date notice issues], who drove a vehicle that seats no more than eight people, including the driver, and who worked more than forty (40) hours during any workweek during the period from [three years prior to date notice issues] without overtime compensation;

(b)     The Notice and Consent Forms, attached hereto as Exhibit A, are **APPROVED**;[7]

(c)     Defendants shall submit to Plaintiff a list of all potential class members, listing their names, addresses, dates of employment, location of employment, and employee numbers;[8] and

(d)     Upon notice and documentation of inability to locate, CUSA shall provide to Plaintiff the phone and partial social security numbers for potential plaintiffs who cannot be located with the above-disclosed information.


Dated: June 11, 2009                                         s/Richard H. Kyle
                                                             RICHARD H. KYLE
                                                             United States District Judge

---

[7] CUSA objects to the sending of "reminder" notices to potential class members. (Resp. Mem. at 31-32.) This issue should be directed to Magistrate Judge Boylan.

[8] CUSA objects to the discovery of potential plaintiff phone and partial social security numbers. (Resp. Mem. at 28.) However, Plaintiff's counsel represented during oral argument that the phone and partial social security numbers will be used only if needed to locate the current mailing addresses of potential class members. The use of this information shall be limited to this purpose. In addition, CUSA argues that Plaintiff and her counsel should be restricted in their communications with potential class members. (Id. at 31.) However, the basis for this concern is unclear and was not addressed at oral argument. Any ruling on this issue would be premature.