UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Barbara Loomis and Henry Payne, individually and on behalf of other similarly situated employees,<br><br>    Plaintiffs,<br><br>v.<br><br>CUSA LLC d/b/a Coach America, CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle, and CUSA CSS, LLC, d/b/a Crew Shuttle Service,<br><br>    Defendants. | Case No. 0:09-cv-00026 RHK-AJB<br><br>**FIRST AMENDED COMPLAINT**<br>**(COLLECTIVE ACTION)**<br>**(DEMAND FOR JURY TRIAL)** |

For their First Amended Complaint against Defendants CUSA LLC d/b/a Coach America; CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle; and CUSA CSS, LLC d/b/a Crew Shuttle Service, Plaintiffs Barbara Loomis and Henry Payne, individually and on behalf of all those similarly situated, by and through their counsel, state and allege as follows:

### JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2. Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendants do business in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff Barbara Loomis is a resident of Wisconsin and worked as a driver for Defendants out of her home during the applicable statutory period. Plaintiff Loomis' job duties regularly required her to operate Defendants' vehicles, in furtherance of Defendants' business, in the state of Minnesota and other states.

4. Plaintiff Henry Payne is a resident of Nevada and worked as a driver for Defendants during the applicable statutory period.

5. Defendant CUSA LLC d/b/a Coach America is a Delaware corporation with a principal place of business in Dallas, Texas. CUSA LLC is authorized to do business in Minnesota.

6. Defendant CUSA ES, LLC d/b/a Coach America Crew Transport and d/b/a Express Shuttle is a Delaware corporation with a principal place of business in North Dakota. CUSA ES, LLC is authorized to do business in Minnesota.

7. Defendant CUSA CSS, LLC d/b/a Crew Shuttle Service is a Delaware corporation with a principal place of business in Idaho. CUSA CSS, LLC is authorized to do business in Minnesota.

8. Defendants provide personnel transportation services for the railroad industry and do business within the state of Minnesota and in numerous other states around the country. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Plaintiffs and the similarly situated employees are individuals currently or formerly employed by Defendants as drivers who transport railroad workers within and between railroad yards and other locations.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs brings their claims as a collective action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as opt-in Plaintiffs.

11. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

12. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

13. During the statutory period, as Defendants' drivers, Plaintiffs and the similarly situated employees routinely worked in excess of forty (40) hours per week without overtime compensation.

14. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiffs and the similarly situated employees suffered a loss of wages.

15. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

16. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## **DEMAND FOR JURY TRIAL**

17. Plaintiffs hereby request a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all drivers who are currently employed or who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not

       paid overtime compensation for all hours worked over forty in any week during the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

3. Judgment against Defendants that their violations of the FLSA were willful;

4. An equal amount to the overtime damages as liquidated damages;

5. To the extent liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorneys' fees incurred in prosecuting these claims;

7. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to name additional Defendants responsible in some manner for the occurrences and damages herein alleged should their identities become known during the course of this action;

9. Leave to amend to add claims under applicable state laws; and

10. For such further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 6th day of July, 2009.

                              s/ Charles G. Frohman
                              NICHOLS KASTER, PLLP
                              Donald H. Nichols, MN Bar No. 78918
                              Paul J. Lukas, MN Bar No. 22084X
                              Charles G. Frohman, MN Bar No. 0386695
                              4600 IDS Center
                              80 South 8th Street
                              Minneapolis, MN  55402
                              Telephone: (612) 256-3200
                              Fax: (612) 215-6870
                              Email: frohman@nka.com

                              ATTORNEYS FOR PLAINTIFFS